**COLE et al. v. ATLANTA TERMINAL CO. et al.**

**No. 781.**

District Court, N. D. Georgia. Atlanta Division.

May 16, 1936.

Rehearing Denied May 27, 1936.

Clint W. Hager, C. N. Davie, and J. F. Kemp, all of Atlanta, Ga., for complainant.

Wm. Schley Howard, of Atlanta, Ga., and Frank L. Mulholland, of Toledo, Ohio, for defendants.

SIBLEY, Circuit Judge.

The bill seeks an injunction against the use by the Brotherhood of Railway and Steamship Clerks of a certificate of the Mediation Board issued under section 2, subdivision 9, of the Act of June 21, 1934, 45 U.S.C.A. § 152, subd. 9, which amends the Railway Labor Act of 1926. The complainants are a majority in number of a group of clerical workers of the Atlanta Joint Terminal Company and are engaged in interstate commerce, and they assert that the challenged certificate to the effect that the Brotherhood represents their group to negotiate with their employer a new contract of employment was issued without notice to them or opportunity to be heard and on mistake or false representations by the Brotherhood that a majority of the group had selected the Brotherhood as representative. The bill further states that five days before it was filed the complainants had called to the attention of the Mediation Board their dissatisfaction and claim of error or fraud in the certificate, and the Board had promised to make an investigation of the whole controversy but had not yet done so. The bill contends that the certificate is void under the act, and if the act provides for a certificate made without hearing, the act is void as denying due process of law. A restraining order was issued against the acting under the certificate until the further order of the court, but no order issued

against the Mediation Board, which is no party to the suit. The Brotherhood now moves to dismiss the bill because the certificate is conclusive and because the court has no jurisdiction to issue an injunction in such a case.

The Railway Labor Act of May 20, 1926, 44 Stat. 577, was considered in Texas & New Orleans R. Co. v. Brotherhood of Railway & Steamship Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034, and the constitutional power of Congress to legislate on the lines it covered was upheld. The right given by the act to employees to negotiate by freely chosen representatives was held to be in the nature of a property right capable of protection by injunction. The amending Act of 1934, 48 Stat. 1186, has gone much further and by section 2, subd. 4 (45 U.S.C.A. § 152, subd. 4), has vested in the majority of a craft or class of employees the power to designate the representative of all. The definition of the class in case of dispute is by subdivision 9 put in the power of the Mediation Board. Assuming the validity of the legislation, the individual employee is no longer his own master in contracting for his services, but by taking employment in this business of interstate transportation he submits himself to the laws affecting such employment. By subdivision 8 (45 U.S.C.A. § 152, subd. 8), the subdivisions 3, 4, and 5 are required to be publicly posted, and they are made a part of every contract of employment. Subdivision 4 (45 U.S.C.A. § 152, subd. 4) is that which gives the majority the right to select the representative. Subdivision 9, defining a procedure in case of dispute as to who is the representative chosen, is of necessity also a part of the contract of employment. As a member of a craft or class to be defined, each employee merges his individual right to bargain in the common right of the group as represented by the spokesman chosen by the majority. Subdivision 9 providing that the Mediation Board shall "investigate" a dispute as to who shall be representative and certify the result in writing to the parties to the dispute and to the carrier, and requiring the carrier thereupon to treat with the representative so certified, evidently intends to make the certificate final. For this very reason I am sure that the Board does not have any appointive power, nor can it proceed in any arbitrary or secret way. The next provision of the subdivision is: "In such an investigation, the Mediation Board shall be authorized to take a secret ballot of the employees involved, or to utilize any other appropriate method of ascertaining the names of their duly designated and authorized representatives in such manner as shall insure the choice of representatives by the employees without interference, influence, or coercion exercised by the carrier. In the conduct of any election for the purposes herein indicated the Board shall designate who may participate in the election," etc. This points out an election as the natural means of ascertaining a choice, and permits it to be by secret ballot, but it permits the Board also to utilize other appropriate means, but only such as will "insure the choice of representatives by the employees without interference," etc. Any method that does not insure such choice is not authorized, and a certificate based on it is not lawful. If it be true, as this bill alleges, that there was a dispute as to who had been chosen and the Board did nothing to ascertain the choice in the manner the act points out, but without notice to the employees concerned and on statements made to it by one side only made a certificate, the certificate is unlawful. It is not based on such an investigation as the act provides for.

May the District Court enjoin its use? So far as the existence of a property right and irreparable injury are concerned, the decision in Texas & New Orleans R. Co. v. Brotherhood of Ry. & S. S. Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034, indicates that a remedy by injunction would be appropriate to protect a true and fair choice of a bargaining representative. But since that decision was made, the Act of March 23rd, 1932, 47 Stat. 70 (29 U.S.C.A. § 101 et seq.), has greatly limited the jurisdiction to grant injunctions in labor disputes. By section 13(c), 29 U.S.C.A. § 113(c), a labor dispute includes "any controversy * * * concerning the * * * representation of persons in negotiating * * * terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee." By section 13(a) (3), 29 U.S.C.A. § 113(a) (3), a case shall be held to involve or to grow out of a labor dispute when it is "between one or more employees or associations of employees and one or more employees or associations of employees."

The real dispute or controversy here is between a group of employees and the Brotherhood, which is an association of employees. It therefore comes within the definitions of the statute. Section 8 (29 U.S.C.A. § 108) prohibits injunctive relief to any complainant "who has failed to make every reasonable effort to settle such dispute * * * with the aid of any available governmental machinery of mediation." Section 7(e), 29 U.S.C.A. § 107 (e), in like vein requires a finding, and by consequence an allegation, "that the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection." I think the Mediation Board constitutes machinery of mediation referred to, and its members are public officers whose duty it is to protect these complaints in their quasi property right to contract by representatives who really represent them; and that the Board can question and can recall their certificate and proceed to settle this dispute according to the act. This bill was filed before they had a reasonable time to do it, and they had not declared an unwillingness to act but the reverse. Under section 6, 45 U.S. C.A. § 156, a new contract could not be immediately negotiated, so there was no emergency. The court, as matters stand, had not authority to interfere by injunction. The bill is premature, and is dismissed without prejudice.

### On Rehearing.

A rehearing has been moved in view of the decision by the Supreme Court in the case of Carter v. Carter Coal Co. et al., 56 S.Ct. 855, 80 L.Ed. ——. That case sheds no light on the power of this court to issue an injunction touching a labor dispute. It is said, however, to demonstrate the unconstitutionality of the amended Railway Labor Act (29 U.S.C.A. § 101 et seq.). Because of the breadth of the federal power to regulate interstate commerce, including persons engaged in interstate transportation, I greatly doubt that effect, but it is unnecessary to discuss it, for these petitioners say they are the majority of the class of employees here involved, and if the vesting in the majority of the power to select a representative for all be an unconstitutional deprivation of the liberty to contract of the minority, the majority have no standing to at-

tack the act on that ground. No reason appears for changing the decision heretofore made, and it is adhered to. The motion for rehearing is overruled.